# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD LEE BENTLER,

    Plaintiff,

    v.

NICHOLAS NEDEROSTEK, et al.,

    Defendants.

CIVIL ACTION NO. 3:22-cv-01107

(SAPORITO, J.)

## ORDER

This matter comes before the court on the plaintiff's motion *in limine* to exclude at summary judgment and at trial the report, opinions, and testimony of Kevin E. Selverian. Doc. 51. The motion is fully briefed and ripe for decision. *See* Doc. 53; Doc. 65; Doc. 68. Upon consideration of the parties' briefs and of expert report itself, Doc. 52-1, we agree that the report should be excluded from consideration on summary judgment and at trial.

In large part, the proffered testimony concerns the application of governing law with respect to the plaintiff's excessive force claim, and thus would be improper. *See Wood v. Showers*, 822 Fed. App'x 122, 124 (3d Cir. 2020); *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006); *United States v. Leo*, 941 F.2d 181, 196 (3d Cir. 1991).

Moreover, to the extent the proffered testimony concerns PSP policies and practices with respect to the use of force or Corporal Nederostek's compliance therewith, it is simply irrelevant to the plaintiff's claims. *See Erickson v. City of Lakewood*, No. 19-cv-02613, 2021 WL 4438035, at \*14 (D. Colo. Sept. 27, 2021) ("While expert testimony on police procedures may be relevant to claims of municipal liability in order to determine whether the municipality failed to train its officers with respect to the use of force, such testimony is irrelevant to use of excessive force claims."); *id.* at \*12 ("[T]he violation of police department operating procedures will not turn an otherwise constitutional use of force into a constitutional violation.") (internal quotation marks omitted); *see also Carter v. City of Wauwatosa*, 114 F.4th 866, 880 (7th Cir. 2024); *Hickey v. City of New York*, 173 Fed. App'x 893, 894 (2d Cir. 2006). The proffered testimony further has no bearing whatsoever on the plaintiff's ADA and RA claims against the PSP.

Accordingly, **IT IS HEREBY ORDERED THAT** the plaintiff's motion *in limine* (Doc. 51) is **GRANTED**.

Dated: April, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge